**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| ***In re:*** | |
| ***PHVC4 HOMES, LLC, ET AL.*** [1] | ***Chapter 11*** |
| | ***Case No. 24-02751-TOM11*** |
| ***Debtors.*** | ***(Jointly administered)*** |
| **PHCV4 Homes, LLC; Bridgetopia, LLC; Prominence Homes & Communities, LLC; Misty M. Glass; Scott Underwood; and Michael R. McMullen,** | |
| ***Plaintiffs*, ** | ***Adversary Proceeding*** |
| **v.** | ***Case No. 26-00015-TOM*** |
| **CF Encore Purchaser, LLC; Encore SFR Finance, LLC; and CoreVest American Finance, LLC,** | |
| ***Defendants*.** | |

**PLAINTIFF MISTY M. GLASS, SCOTT UNDERWOOD, & MICHAEL R. MCMULLEN'S MOTION TO WITHDRAW THE REFERENCE UNDER 28 U.S.C. § 157(d) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 5011**

Plaintiffs Misty M. Glass, Scott Underwood, and Michael McMullen, individual principals of the Debtors (the "**Plaintiffs**"), hereby move the United States District Court for the Northern District of Alabama, pursuant to Section 157(d) of title 28 of the United States Code ("**US Code**") and Federal Rule of Bankruptcy Procedure ("**Bankruptcy Rule**") 5011 for entry of an order withdrawing the reference

[1] *The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: PHCV4 Homes, LLC (4073), Prominence Homes & Communities, LLC (9356), and Bridgetopia, LLC (6424). The Debtor's address is 3821 Lorna Road, Suite 120, Hoover, AL 35244.*

to the United States Bankruptcy Court for the Northern District of Alabama, Southern Division for the claims asserted by the Plaintiffs in the Adversary Proceeding filed in Case No. 26-00015-TOM (the "**Adversary Proceeding**"). In support of the Motion, the Plaintiffs respectfully represent the following:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334(b) and 157 and the General Order of Reference from the United States District Court for the Northern District of Alabama dated as of July 16, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Plaintiffs do consent to the entry of a final order by the Court solely in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are section 157(d) of the Bankruptcy Code and Bankruptcy Rule 5011.

**FACTUAL BACKGROUND**

4. On September 10, 2024 (as to PHCV4 Homes, LLC) and September 12, 2024 (as to PH&C and Bridgetopia) ("**Petition Dates**"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the US Code ("**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Alabama, Southern Division (the "**Bankruptcy Court**"). Pursuant to the General Order of Reference (*see* ¶ 10, *infra*), the case was referred to the Bankruptcy Court.

5. From the Petition Dates through August 21, 2026, the Debtors operated as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On March 31, 2026, the Plaintiffs, along with the Debtors, filed the Adversary Proceeding asserting claims against CF Encore Purchaser, LLC; Encore SFR Finance, LLC; and CoreVest American

Finance Lender, LLC seeking damages for tortious conduct and breaches of contractual obligations, and seeking equitable relief. (Adv. Pro. Doc. No. 1). The Plaintiffs demanded a trial by jury in the Adversary Proceeding. (*See id.*)

7. On August 21, 2026, the Bankruptcy Court, entered an Order confirming the Plan of Liquidation proposed by Plan Proponent CoreVest American Finance Lender, thereby: (1) de-equitizing Plaintiffs of each of their equity in the Debtors; (2) appointing Stuart Memory as Plan Administrator, and vesting all equity remaining in the Debtors with the Plan Administrator; and (3) releasing all claims held by the Debtors against the Plan Proponent. (Bankr. Doc. No. 476).

**RELIEF REQUESTED AND THE BASIS THEREFOR**

8. By this Motion, the Plaintiffs seek entry of an order, pursuant to 28 U.S.C. Section 157(d), Bankruptcy Rule 5011, withdrawing the reference to the Bankruptcy Court of the Plaintiffs' claims asserted in the Adversary Proceeding.

9. Federal district courts have original and exclusive jurisdiction of civil cases under Title 11 and original but not exclusive jurisdiction of proceedings arising under Title 11 or arising in or related to cases under Title 11. 28 U.S.C. § 1334(a) and (b). District courts can refer these cases and proceedings to the bankruptcy court within that district. *See* 28 U.S.C. § 157(a).

10. The United States District Court for the Northern District of Alabama ("**District Court**") exercised the authority granted by Section 157(a) and entered General Orders of Reference order dated July 16, 1984 and July 17, 1984 (collectively, the "**General Order of Reference**"), referring all cases under Title 11 or proceedings arising in related to cases under Title 11 to the United States Bankruptcy Court for the Northern District of Alabama ("**Bankruptcy Court**").

11. The District Court can withdraw the reference, in whole or in part, of any case or proceeding, on the District Court's own motion or on a timely motion of a party for cause (28 U.S.C. § 157(d)).

12. Cause is not defined, but can be established if withdrawal of the reference of the Plaintiffs' claims asserted in the Adversary Proceeding:

(a) advances uniformity of bankruptcy administration;

(b) decreases forum shopping and confusion;

(c) promotes the economic use of the parties' resources.

(d) facilitates the bankruptcy process; and

(e) is requested timely.

See Glanton v. Bankr. Adm'r, No. 1:25-MC-4037-ECM, 2025 WL 1272812, at *2 (M.D. Ala. Apr. 30, 2025) (quoting *In re Simmons*, 200 F.3d 738, 742 (11th Cir. 2000)). Additionally, district courts consider other factors when deciding whether they have cause to withdraw the reference, including "(1) whether the claim[s] [are] core or non-core;" "(2) the efficient use of judicial resources, (3) the existence of a jury demand, and (4) preventing delay." Glanton, 2025 WL 1272812 at *2 (citing *In re Childs*, 342 B.R. 823, 827 (M.D. Ala. 2006); *Palmer v. Brownstein Corp.*, 2021 WL 6883427, at *2 (M.D. Ala. Apr. 12, 2021)).

13. Here, cause exists because the claims asserted in the Adversary Proceeding by the Debtors have either been released pursuant to the release, exculpation, and injunction provisions of Article XI of the Amended Plan, which became immediately effective by virtue of the Bankruptcy Court's Order Confirming the Amended Plan, or are now vested with the Plan Administrator under the Amended Plan.

14. The Plaintiffs' claims pending in the Adversary Proceeding were non-core and afforded the Bankruptcy Court's related-to jurisdiction due to the Plaintiffs' status as equity holders and principals

of the Debtors. This status no longer exists due to the Court's confirmation of the Amended Plan, and thus the basis for the Court's related-to jurisdiction over the Plaintiffs' claims no longer exists.

15. Because the Debtors' claims in the Adversary Proceeding have been released pursuant to the release, exculpation, and injunction provisions of Article XI of the Amended Plan, the Bankruptcy Court's retaining the Adversary Proceeding, which asserts claims based on non-bankruptcy law, will not promote the uniformity of bankruptcy administration or facilitate the bankruptcy process.

16. The Plaintiffs' motion to withdraw the reference was brought timely because the Plaintiffs have filed this motion as soon as their claims no longer became related to the Debtors' bankruptcy cases. *See Childs*, 342 B.R. at 829 (concluding that a motion to withdraw the reference must be filed "as soon as grounds for withdrawal were known.").

17. In addition, the age of the bankruptcy case can serve as a factor for evaluating whether cause exists. *See id.* at 828–30 (finding that a motion to withdraw the reference in adversary that had been pending before the bankruptcy court for nearly three years of litigation and was scheduled for a bench trial a month after the defendants filed the motion to withdraw the reference was untimely). Here, the Adversary Proceeding was filed March 31, 2026, and has not progressed beyond the motion to dismiss stage. Withdrawing the reference will not waste judicial resources because the Bankruptcy Court has not yet held a hearing on the sufficiency of the Plaintiffs' claims.

18. Additionally, the Debtors' bankruptcy cases are winding down under confirmed Amended Plan, and the remaining claims of the non-debtor Plaintiffs will bear no impact on the bankruptcy cases or on the consummation and performance of the Amended Plan.

19. As a result, cause exists to justify discretionary withdrawal of the reference.

## NOTICE

20. The Plaintiffs will provide notice of this Motion to: (a) the Plan Proponent; (b) Debtors; (c) the Plan Administrator; (d) the Office of the Bankruptcy Administrator; and (e) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, The Plaintiffs submit that no other or further notice is necessary.

## NO PRIOR WRITTEN REQUEST

21. No prior written request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

**WHEREFORE,** for the reasons set forth herein, Plaintiffs Misty M. Glass, Scott Underwood, and Michael McMullen respectfully request that this Court enter an order granting the relief requested in the Motion and withdrawing the reference of the Plaintiffs' claims in the Adversary Proceeding to the Bankruptcy Court and granting such other and further relief as the Court deems just and proper.

Dated: September 8, 2026

Respectfully Submitted,

*/s/ Danielle E. Douglas*
Danielle E. Douglas
Adams & Reese LLP
1901 Sixth Ave. N., Suite 1110
Birmingham, AL 35203
Danielle.douglas@arlaw.com
*Counsel for Plaintiffs Misty M. Glass, Michael McMullen, and Scott Underwood*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 8th day of September, 2026, I filed a copy of the foregoing using the CM/ECF system, which will automatically serve a copy on all counsel of record.

*/s/ Danielle E. Douglas*
OF COUNSEL